Unemployment Compensation Board of Review of The Commonwealth of Pennsylvania *v.* Nathaniel Caldwell, Appellant.

Argued January 9, 1976, before Judges CRUMLISH, JR., ROGERS and BLATT, sitting as a panel of three.

*Marjorie A. Janoski*, for appellant.

*Daniel R. Schuckers*, Assistant Attorney General, with him *Sydney Reuben*, Assistant Attorney General, and *Robert P. Kane*, Attorney General, for appellee.

OPINION BY JUDGE ROGERS, January 30, 1976:

The appellant, Nathaniel Caldwell, says that the decision of the Unemployment Compensation Board of Review that he was ineligible for unemployment compensation because he was discharged from his employment on account of his willful misconduct[1] is not supported by the record made at referees' hearings on his appeal from a like decision by the Bureau of Employment Security. We have reviewed the record and disagree with the appellant's contention and will affirm the Board's determination.

Mr. Caldwell was employed by Zenith Corporation as a janitor for a period of about 11 months, commencing in about September 1973. He lived in the Germantown section of Philadelphia. His place of employment was at Lansdale, Montgomery County, to which he commuted by trolley or bus to the North Broad Street Station of the Reading Company and from thence to Lansdale by train. Zenith's report admitted into evidence showed that Mr. Caldwell's discharge on August 6, 1974 was for "Excessive absenteeism—verbal warning 11-8, written warning

---

1. Pursuant to Section 402 (e) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802 (e).

11-27, 3 days suspension 5-22 . . . employee terminated 8-6-74, he was absent on 7-25, 26, 8-4."

Mr. Caldwell's appeal from the Bureau of Employment Security's determination of ineligibility was first heard by a Board referee on October 29, 1974. The referee decided that the appellant was ineligible. Mr. Caldwell appealed to the Board stating that he believed the decision was unjust. The Board remanded the case for a further hearing to give the appellant additional opportunity to explain his employment record. The second referee conducted the second hearing on September 7, 1975. We have reviewed the notes of testimony which consist almost entirely of the appellant's explanations for his absences and we are convinced, as were the Bureau, the first referee and the Board of Review, that the appellant was discharged for the willful misconduct of excessive absenteeism. The appellant did not deny that he had been orally and in writing warned of excessive absenteeism in November 1973. The only explanation offered for the absences in May of 1974, which resulted in a suspension, was that he was prevented from going to work by a serious quarrel with his wife.

The appellant's discharge on August 6, 1974 was occasioned by his failure to appear for work at 11:00 o'clock P.M. on Sunday, August 4, 1974. His excuse for this absence was that a taxicab which he had summoned at about 9:00 o'clock P.M. failed to arrive at his home.

The Board of Review, which gave this case very thorough consideration, after finding wholly consistently with the record, that the claimant had a record of excessive absenteeism and had been warned and suspended for this reason, commented as follows on the August 4, 1974 incident:

"In the instant case, the claimant had a record of excessive absenteeism about which he had been warned. The claimant on the evening of August 4, 1974 failed to report to work because of alleged trans-

portation problems. It was incumbent upon the claimant to arrange his own transportation to work whether it be by train, trolley, bus, or taxi. The Board of Review, after a careful consideration of the entire record, does not believe that the alleged transportation problems were so difficult that they could not have been overcome. The claimant, after being warned about his excessive absenteeism, should have made further efforts to get to work. This he failed to do. The claimant's conduct, therefore, was a disregard of the standards of behavior which the employer has a right to expect of an employee."

The Board's decision is supported by the record which established that the appellant missed work too often without good cause and in disregard of warnings. *Pettey v. Unemployment Compensation Board of Review*, 15 Pa. Commonwealth Ct. 157, 325 A.2d 642 (1974).

### ORDER

AND NOW, this 30th day of January, 1976, it is Ordered that the appeal of Nathaniel Caldwell be and it hereby is dismissed and that the Order of the Unemployment Compensation Board of Review be and it is hereby affirmed.