Kenneth Irvine, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs September 15, 1983, to Judges MACPHAIL, DOYLE and BARBIERI, sitting as a panel of three.

498

*Lenore M. Urbano*, with her *Leland Q. Towns*, for petitioner.

*Richard F. Faux*, Associate Counsel, with him *Richard L. Cole, Jr.*, Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, January 11, 1984:

This is an appeal by Kenneth C. Irvine (Claimant) from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's denial of benefits pursuant to Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(e). We affirm.

Claimant was employed as a dryer operator for Keystone Filler & Manufacturing Company (Keystone) for approximately two years. On January 27, 1981, he was discharged by Keystone for failure to report to work on the previous day and failure to phone in to report his absence. The Office of Employment Security (OES) denied Claimant's request for benefits and, following a hearing, a referee affirmed. On appeal to the Board, the denial of benefits was upheld. Appeal to this Court followed.

Failure to report to work or to report the reasons for a claimant's absence may constitute willful misconduct under Section 402(e) of the Law. *Azar v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 23, 382 A.2d 995 (1978). The record in this case shows that Claimant had been warned in the past for failure to show up for work or phone in the reason for his absence. It is undisputed that Claimant did not report for work on the day before he was discharged and did not phone in.

Claimant urges, however, that the record shows that his absence was unavoidable and that Keystone had ample notice that he would not be in, so that his failure to phone in did not rise to the level of willful misconduct. *See Penn Photomounts, Inc. v. Unemployment Compensation Board of Review,* 53 Pa. Commonwealth Ct. 407, 417 A.2d 1311 (1980). He urges that his employer knew that he regularly rode with fellow employees and had been informed by those employees that *they* were unable to get to work because of a heavy snowstorm, and employer knew also that Claimant had no phone in his home. Claimant testified additionally that he was unable to leave his house to get to a phone because his nineteen month old baby was sick.

In *Penn Photomounts* we held that an employee could rely on less formal notice of reporting an absence than the employer ordinarily required if it could be shown in the record that the employer had accepted such notice as sufficient in the past. In *Penn Photomounts* the claimant demonstrated that the procedure she followed in reporting absences to her department instead of the main office was also generally followed by her co-workers. The Board also found that she had never been reprimanded for reporting her absences in this matter. In the instant case, Claimant *was* reprimanded for failure to report in, and there is no indi-

cation in the record that other employees were excused from the obligation to phone in absences.[1] And unlike the claimant in *Penn Photomounts,* he did not pursue another reporting procedure, but relied on an inference from the inability of his co-workers to get to work to give notice to Keystone that he would also not be in. The Board did not err in concluding that this did not constitute sufficient notice.

In addition, we note that Claimant's discharge resulted from failure to report or phone in his absence on a day he was scheduled to return to work from a three day suspension.[2] Under such circumstances, we believe it behooved Claimant to comply with the employer's requirements, notwithstanding the snow and the asserted sickness of his child. The failure to phone in, when it was clear from prior warnings that the employer was displeased with failures of this nature, showed disregard for the employer's interest sufficient to constitute willful misconduct.

### ORDER

Now, January 11, 1984, the order of the Unemployment Compensation Board of Review in the above referenced matter, No. B-198392, dated August 14, 1981, is hereby affirmed.

---

DISSENTING OPINION BY JUDGE BARBIERI:

Regretably, I must dissent.

While it is undisputably true that an employee's failure to properly report the reasons for his or her failure to report to work *pursuant to an established company policy* can constitute disqualifying willful

---

[1] That, subsequent to the reprimand, Claimant twice failed to phone in an absence and was not disciplined does not, in our view, demonstrate that he was thereafter excused from phoning in.

[2] Claimant was suspended for leaving his work station.

misconduct, *Azar v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 23, 382 A.2d 995 (1978), "absenteeism, where justified *or where properly reported according to company policy,* while still a legitimate basis for discharge does not constitute willful misconduct. . . ." *Penn Photomounts, Inc. v. Unemployment Compensation Board of Review,* 53 Pa. Commonwealth Ct. 407, 410, 417 A.2d 1311, 1313 (1980) (emphasis added). Accordingly, we have held in failure to report cases that the employer, who has the burden of proving willful misconduct, must establish (1) the existence of a company reporting policy and (2) the claimant's failure to follow that policy. *See Penn Photomounts, Inc.; Unemployment Compensation Board of Review v. Blouse,* 23 Pa. Commonwealth Ct. 66, 350 A.2d 220 (1976). When the employer has failed to establish such a formal reporting procedure, *Blouse,* or has acquiesced in a reporting procedure contrary to the company's written policy, *Penn Photomounts, Inc.,* we have affirmed the award of unemployment compensation benefits.

Here, the record shows that at the referee's hearing the employer simply introduced evidence of various suspensions the claimant had received while working at the plant for various infractions of the company's rules. None of these suspensions were for the failure to call in an absence, however, and only one of the suspensions was for "not showing up for work[,]" a suspension the claimant received after a November 1, 1980 absence. While the claimant did testify before the referee that he had been told after his November 1980 suspension to call in his absences, he further testified that he then informed his supervisor that he did not have a car or telephone and was then told to simply do his best. The employer did not dispute this testimony, and the only other evidence presented concerning employer's absence reporting policy was the

testimony of the claimant, his supervisor, and his foreman to the effect that the claimant, on two occasions *subsequent* to the November, 1980 suspension, had not been reprimanded for not calling in his absences, and had in fact been supplied with company transportation to work.

While the record shows that the claimant was not a model employee, the stated reason for his discharge, the only reason considered by the unemployment compensation authorities below, and the only reason we may consider here, was his alleged failure to follow his employer's absence reporting procedures. Since the record, in my view, could only support a finding that the claimant's actions were consistent with his employer's absence reporting policy, I would reverse.