Sue Ellen Shadduck, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 17, 1983, to Judges CRAIG, DOYLE and BARBIERI, sitting as a panel of three.

Ambrose R. Campana, Campana & Campana, for petitioner.

Michael D. Alsher, Associate Counsel, with him Richard L. Cole, Jr., Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, February 28, 1984:

This is an appeal by Sue Ellen Shadduck (Claimant) from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's denial of benefits under Section 402(e) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, 43 P.S. §802(e).

Claimant had been employed by Marathon Carey-McFall (Employer) as a venetian blind assembler from July 13, 1980, until she was discharged on January 13, 1982. From January 12, 1981, until her discharge, she was absent seventeen times and received two verbal warnings and three written reprimands concerning her excessive absences. On January 7, 1982, she was issued a two-day suspension for absence from work without notifying Employer and placed on a ninety-day probation. Claimant was scheduled to return to work on January 12, 1982.[1] On that day her husband reported her off work because their infant child was ill. Claimant was discharged on Janu-

---

[1] She was suspended for Friday, January 8, 1982, and Monday, January 11, 1982.

ary 13, 1982, for failure to improve her attendance despite warnings.

The Office of Employment Security (OES) denied Claimant's application for benefits and, following a hearing, a referee affirmed the OES determination that Claimant had been discharged for willful misconduct and was therefore ineligible under Section 402(e) of the Law. On appeal, the Board affirmed and petition for review by this Court followed.

Claimant argues that the referee and the Board erred in concluding that her failure to report for work on January 12, 1982, constituted willful misconduct. Claimant urges that the illness of her infant was ample justification for missing work. Under the circumstances presented in this case, we do not agree. The record in this case is clear that Claimant had been repeatedly warned about her absences and understood that her job was in jeopardy. Nothing in this record indicates the nature of the child's illness or whether it was necessary for Claimant to miss a whole day's work to care for the child. The record further indicates that Claimant's husband was not employed. A witness for the Employer testified that when asked why the husband could not care for the child, Claimant replied that her husband did not want to take care of the baby himself. The referee and the Board determined on this record that Claimant had not shown her absence to be justified. Excessive absenteeism, where justified or where properly reported, while a legitimate basis for discharge, does not constitute willful misconduct. *Penn Photomounts, Inc. v. Unemployment Compensation Board of Review*, 53 Pa. Commonwealth Ct. 407, 417 A.2d 1311 (1980). Considering the many warnings and the two-day suspension, we believe it behooved Claimant to make every effort to report for work or to demonstrate that

the child's illness justified her absence. *See Unemployment Compensation Board of Review v. Caldwell,* 23 Pa. Commonwealth Ct. 144, 350 A.2d 912 (1976); *see also Irvine v. Unemployment Compensation Board of Review,* 79 Pa. Commonwealth Ct. 497, 469 A.2d 727 (1984).

Accordingly, we affirm.

ORDER

Now, February 28, 1984, the order of the Unemployment Compensation Board of Review in the above referenced matter, No. B-206016, dated May 24, 1982, is hereby affirmed.