Debby TYNES, Appellant,

v.

UNIROYAL TIRE COMPANY, and Oklahoma Employment Security Commission, Appellees.

No. 60090.

Court of Appeals of Oklahoma, Division No. 1.

April 24, 1984.

Jimmy Veith, Ardmore, for appellant.

Wallace, Bickford, Pasley & Farabough by Harry L. Bickford, Ardmore, for appellee Uniroyal Tire Company.

Jim R. Sales, Oklahoma City, for appellee Oklahoma Employment Security Commission.

REYNOLDS, Judge:

Debby Tynes appeals Oklahoma Employment Security Commission's denial of unemployment benefits. Denial of benefits was based upon Board of Review's finding that Tynes was discharged for misconduct. Tynes was dismissed for accumulating tardies/early leaves in excess of those allowed by Uniroyal.

The Employment Security Act of 1980, 40 O.S.1981 § 2–406, provides "an individual shall be disqualified for benefits if he has been discharged for misconduct connected with his last work, if so found by the Commission." The Act does not define "misconduct connected with his last work," nor have we found a judicial definition in Oklahoma. Consequently, we must determine the Legislature's intended meaning.

The declaration of public policy by the Legislature contained in § 1–103 illuminates the objective of the Act.

As a guide to the interpretation and application of this act, the public policy of this state is declared to be as follows: Economic insecurity due to unemployment is a serious menace to the health, morals, and welfare of the people of this state.... The achievement of social se-

curity requires protection against this greatest hazard of our economic life. This objective can be furthered by ... the systematic accumulation of funds during periods of employment, thus maintaining purchasing power and limiting the serious social consequences of unemployment.... [U]nemployment reserves [are] to be used for the benefit of persons unemployed through no fault of their own.

Title 40, section 2–406 of the Oklahoma Statutes operates as a forfeiture of the benefits the Act seeks to afford unemployed workers. In light of the Legislature's general objective, we find § 2–406 should be narrowly construed to allow maximum fulfillment of the Act's basic purpose. 76 Am.Jur.2d *Unemployment Compensation* § 52 (1975).

■■■ We establish the following as the definition of "misconduct" as used in the Oklahoma Employment Security Act:

conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such a degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. On the other hand, mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed "misconduct" within the meaning of the statute.

*Arizona Dept. of Economic Security v. Magma Copper Co.*, 125 Ariz. 389, 609 P.2d 1089 (Ariz.App.1980) (quoting *Boynton Cab Co. v. Neubeck*, 237 Wis. 249, 296 N.W. 636, 640 (1941)).

■■■ Tynes contends that exceeding Uniroyal's allowable tardies/early leaves does not *automatically* subject her to a forfeiture of unemployment benefits. We agree, but hasten to add that nothing in this opinion should be construed as preventing employers from making whatever termination rules are necessary for the proper functioning of their business. What employers may not do is usurp the Commission's authority to determine whether an employee has been guilty of misconduct. The burden is upon the claimant to show she qualifies for unemployment compensation, *Blankenship v. Board of Review, Okl. Emp. Sec. Com'n*, 486 P.2d 718 (Okl. 1971), and upon the employer to show claimant was guilty of misconduct.

Tynes was hired by Uniroyal in 1976 as an oiler. At the time of her firing, September 22, 1982, she was a general mechanic. Tynes applied for unemployment compensation following dismissal. Uniroyal contested the allowance of compensation benefits. Tynes appealed the denial of benefits, and a hearing was held by a Commission referee.

Uniroyal's representative testified the company makes no distinction between excused and unexcused tardies/early leaves. Company policy stipulates dismissal for tardies/early leaves in excess of seven for any twelve-month period. It is possible, however, to combine different instances into one instance depending upon the reason. Uniroyal did not provide any information regarding the reasons for Tynes' tardies/early leaves.

Tynes testified she had been ill on at least one occasion, had taken care of her terminally ill mother, and had appeared in court on behalf of her father. She testified that the last tardy was due to a required court appearance. She went to court, and then to work.

The referee found Tynes had failed to comply with Uniroyal's attendance policy and was, therefore, guilty of misconduct. The Commission's Board of Review

adopted the referee's decision, and the district court affirmed.

■ The transcript of the hearing clearly reveals the referee was only concerned with whether Tynes was aware of Uniroyal's policy and whether she had been tardy or left early in excess of that allowed. The referee apparently relied on the premise that the company rule was reasonable and violation of it was misconduct *per se.* "While the violation of a work rule may well justify the discharge of an employee, such a violation does not necessarily amount to misconduct for unemployment compensation purposes." 76 Am.Jur.2d *Unemployment Compensation* § 53 (1975). The Board of Review, in adopting the referee's report, erred as a matter of law because the referee applied an incorrect standard to determine whether Tynes was guilty of misconduct.

■ Our scope of review on questions of fact is set forth in 40 O.S.1981 § 2–610. Findings of fact by the Commission are to be conclusive if supported by evidence. We may, however, consider that which fairly detracts from its weight. *El Paso Natural Gas Co. v. Corporation Commission,* 640 P.2d 1336 (Okl.1981). Uniroyal presented no evidence in support of its charge of misconduct. The Board of Review erred in adopting the referee's finding of misconduct as it was not supported by evidence.

We reverse and remand to the Oklahoma Employment Security Commission's Board of Review for a new evidentiary hearing to determine whether Tynes was guilty of misconduct under the guidelines set forth herein.

REVERSED AND REMANDED.

YOUNG, P.J., and ROBINSON, J., concur.