INDEPENDENT SCHOOL DISTRICT NO. 1 OF TULSA COUNTY, Oklahoma, a/k/a Tulsa Public Schools, Appellee,

v.

Jerry LOGAN, William J. Connery, Carolyn F. Wilson, and Norma J. Bolton, Appellants,

and

The Board of Review for the Oklahoma Employment Security Commission, and the Oklahoma Employment Security Commission, Defendants.

No. 70242.

Court of Appeals of Oklahoma, Division No. 3.

Oct. 17, 1989.

As Corrected Oct. 23, 1989.

Rehearing Denied Dec. 5, 1989.

Certiorari Denied April 17, 1990.

---

D. Gregory Bledsoe, Tulsa, Richard B. Wilkinson, Oklahoma Educ. Ass'n, Oklahoma City, for appellants.

David L. Fist, J. Douglas Mann, and Jerry A. Richardson, Rosenstein, Fist & Ringold, Tulsa, for appellee.

## MEMORANDUM OPINION

BAILEY, Chief Judge:

Appellants seek review of the Trial Court's order reversing an award of unemployment benefits. Appellee School District had employed Appellants as bus drivers for several years. In April, 1986, Appellee adopted a change in policy which required employees in safety-sensitive positions, such as bus drivers, to take a drug-screening urinalysis as part of an annual physical, failure of which would result in termination. Although Appellants generally denied knowledge of this change in policy, pursuant to the policy, Appellants underwent testing in early August, 1986. Appellants Logan, Connery, and Wilson tested positive for THC metabolites (marijuana), and Appellant Bolton tested positive for another drug (PCP). Appellants Logan, Connery and Wilson were discharged; Bolton resigned.

The Appellants then applied for unemployment benefits. All but Bolton adamantly denied drug use, and submitted subsequent additional drug test results, revealing negative test results. Both Appellants and Appellee presented expert testimony as to the conduct and reliability of the several laboratory tests applied to Appellants' specimens. The Board of Review found:

> ... [T]hat [Appellee] had no evidence of odd, erratic or potentially unsafe behavior on the part of claimants, but rather the drug tests were administered to all transportation employees;
>
> The Board concludes that, for purposes of unemployment insurance, an employer may require a drug test of an employee if the employer has reasonable grounds to believe that an employee is impaired by drugs;
>
> The Board further concludes that before benefits are denied for failing a drug test, it should be shown that: (1) proper testing and confirmation proce-

dures have been followed and (2) there is clear objective evidence of impairment, such as bizarre behavior or loss of productivity;

The Board further concludes that as no evidence of impairment has been presented in this case, the claimants' termination for failure of the drug test was not misconduct within the meaning of 40 O.S. Section 2–406.

The Board of Review therefore allowed Appellants' claims for unemployment compensation.

Appellee School District then sought review of the Board decision in the District Court. After argument of counsel and review of the record, the Trial Court found that Appellants' "termination from employment resulted from misconduct within the meaning of [40 O.S. 2–406]," that Appellants' "[were] not entitled to unemployment benefits," and reversed the award of benefits by Board. From this ruling Appellants now seek review under three propositions of error, alleging (1) the Trial Court exceeded its review authority by substituting its judgment for that of the Board on a question of fact, i.e., whether the positive drug-test result constituted misconduct, (2) insufficiency of the evidence of misconduct, and (3) the taking of urine specimens without cause or suspicion of wrongdoing violates the Fourth Amendment to the United States Constitution. We address the constitutional claim first.

■ By supplemental briefs, the parties have pointed to two recent United States Supreme Court decisions which rejected similar attacks on drug-use testing under the Fourth Amendment. See, *National Treasury Employees Union v. Von Raab*, —— U.S. ——, 109 S.Ct. 1384, 103 L.Ed.2d 685 (1989); *Skinner v. Railway Labor Executives' Association*, —— U.S. ——, 109 S.Ct. 1402, 103 L.Ed.2d 639 (1989). In those cases, the U.S. Supreme Court determined that the employers had a sufficient interest, whether be it safety or security, to require employees to undergo toxicological urinalyses, and that such testing was not unreasonable under the Fourth Amendment. *Skinner*, 109 S.Ct. at 1421; *National Treasury Employees Union*, 109 S.Ct. at 1391–1396. Under these cases, we find the School District has a sufficient safety interest in maintaining a pool of bus drivers free of the effects of drug use to require drug screening as part of the annual physical examination without a particularized suspicion of drug use directed at any one individual employee to be tested. Such drug testing, as part of the annual physical examination for bus drivers, is a reasonable means of deterring and preventing the unsafe operation of school busses by employees under the influence of drugs, thereby insuring the safety of public school students riding public school busses. *Skinner*. The cited cases are dispositive of Appellants' Fourth Amendment claim, and we reject Appellants' allegation of error with regard to purported violation of their constitutional rights.

In their first and second propositions of error, Appellants challenge the Trial Court's order finding that Appellants "termination from employment resulted from misconduct." Hereunder, Appellants assert (1) lack of evidence of any *intentional or deliberate* acts by Appellants evincing disregard for the Appellee/employer's interest so as to constitute misconduct, and (2) insufficiency of the evidence of the drug screening due to unreliability of current drug-screening tests, and that a positive drug test result does not, in and of itself, establish disqualifying "misconduct." Misconduct disqualifying a claimant from unemployment benefits has been defined as:

conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such a degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. On the other hand, mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, in advertencies or ordinary

negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed "misconduct" within the meaning of the statute.

*Vester v. Bd. of Review of Ok. Employment Security Commission*, 697 P.2d 533, 537 (Okl.1985); *Tynes v. Uniroyal Tire Co.*, 679 P.2d 1310, 1312 (Okl.App.1984).

In the appellate review of orders of the Employment Commission, "the findings of the Board of Review as to the facts, if supported by the evidence, shall be conclusive and the jurisdiction of [the district] court shall be confined to issues of law." 40 O.S.1981 § 2–610(1).

> [T]he district court sits as an appeal tribunal and its jurisdiction is limited to consideration of the transcript and the argument of the respective attorneys thereon.... [I]n an appeal, such as was perfected herein, the district court is limited to determinations whether an error of law was committed in the hearing and whether or not the findings are supported by the evidence introduced.

*Vester*, 697 P.2d at 536; *In re White*, 355 P.2d 404, 406 (Okl.1960).

▇ We are unwilling to hold, as a matter of law, that a positive drug-test result constitutes disqualifying misconduct. See also, *National Gypsum Co. v. State Employment Security Bd.*, 244 Kan. 678, 772 P.2d 786 (1989); *Glide Lumber Products Co. v. Employment Division*, 86 Or.App. 669, 741 P.2d 907 (1987); *Blake v. Hercules, Inc.*, 4 Va.App. 270, 356 S.E.2d 453 (1987). In our view, the question of whether there has been sufficient "misconduct" under the above-cited definition so as to disqualify a claimant from benefits *is a question of fact on which the Board of Review's determination is conclusive if supported by any of the evidence introduced.* 40 O.S. § 2–610(1); *Vester*, 697 P.2d at 538; *Tynes*, 679 P.2d at 1313. Thus, the dispositive issue in this appeal devolves to resolution of the question of whether the Board of Review's decision under the facts of this case (that Appellants' positive drug-use testing, standing alone, did not constitute "misconduct" so as to disqualify an employee from unem-

ployment benefits) is supported by the evidence.

▇ In the present case, Appellee stipulated before the Board of Review "that the sole reason for the termination of [Appellants] was based on the positive drug result received ..., and that no evidence needs to be presented about [Appellants'] good behavior as an employee." The only evidence adduced before the Board went to the conduct and reliability of the drug testing procedures employed in the instant case and was conflicting at best. Based on the conflicting evidence, the Board, in essence, found that the Appellants' positive test result did not constitute sufficient evidence of "misconduct" so as to disqualify Appellants from unemployment benefits.

We find the Board's factual determination of no misconduct supported by the evidence and binding on the District Court in review. The Trial Court in the instant action clearly indulged in an impermissible evidence weighing function, substituting its judgment for that of the Board of Review on a disputed fact question, We hold the Trial Court thereby committed reversible error.

The order of the Trial Court vacating the order of the Board of Review is therefore REVERSED, and the order of the Board of Review allowing Appellants' unemployment claims REINSTATED.

REYNOLDS, J., concurs.

HANSEN, P.J., specially concurs with separate opinion.

HANSEN, Presiding Judge, specially concurring:

The majority opinion is clearly correct. I would, however, make it clear that an employer may reasonably require drug testing of its employees in safety-sensitive positions, and may thereafter terminate an employee who, occupying a safety-sensitive position, tests positive for drug use. However, I would also emphasize that a positive drug test, *standing alone* without additional evidence, is insufficient to establish

"misconduct" so as to disqualify a claimant from unemployment benefits.

I therefore specially concur.