William C. DOBY, Appellant,

v.

OKLAHOMA EMPLOYMENT SECURITY COMMISSION, Board of Review for the Oklahoma Employment Security Commission, and Quarles Drilling Company, Appellees.

No. 75100.

Court of Appeals of Oklahoma, Division I.

Dec. 24, 1991.

Andrew J. Brown, Jr., Lawton, for appellant.

David T. Hopper, Oklahoma City, for appellee, Oklahoma Employment Sec. Com'n.

J. Ronald Petrikin, Timothy A. Carney, Oklahoma City, for appellee, Quarles Drilling Co.

## MEMORANDUM OPINION

GARRETT, Presiding Judge:

William C. Doby (Doby) was employed by Quarles Drilling Company (Employer) in February, 1988. Approximately one year later, Employer instituted a policy that drug tests would be administered at random to employees. All employees, including Doby, were given a letter to sign indicating they were aware of the program and that refusal to take the drug test would result in termination. Doby signed the letter.

One month later, in random testing at the job site, Employer requested Doby take a drug test. Doby refused and was fired from his job.

Doby sought unemployment benefits from the Oklahoma Employment Security Commission (OESC). Benefits were denied on the basis that Doby had been discharged for misconduct. See 40 O.S.1981 § 2–406. Doby appealed to the Appeal Tribunal of the OESC. A hearing was held by the Appeal Tribunal at which Doby appeared but Employer was not represented. The Appeal Tribunal upheld the finding of misconduct. Doby further appealed the mat-

ter to the OESC Board of Review. After review of the record, the Board of Review also upheld the OESC finding of misconduct. Doby then appealed to the District Court. OESC answered but Employer did not appear. The District Court affirmed the OESC Board of Review decision.

■ On appeal to this Court, Doby asserts the hearing officer committed an error of law when he made a finding of misconduct without the Employer being present and presenting any evidence in support of misconduct. The burden of proof is not prescribed by statute. Doby contends *Tynes v. Uniroyal Tire Co.,* 679 P.2d 1310 (Okl.App.1984) stands for the proposition that an employer has the burden to show that a former employee is guilty of misconduct that would preclude the employee from unemployment compensation. However, examination of *Tynes* reveals that Doby's reliance thereon is misplaced.

Here, the OESC had before it evidence that: (1) Doby was aware of the Employer's drug testing policy; (2) that Employer did randomly drug test at Doby's job site; (3) that Doby was terminated from employment for refusal of such a test; and, (4) that Employer issued a termination notice to Doby with the notation of misconduct. On appeal to the District Court, and then on Appeal to this Court, the standard of review is clearly set out in 40 O.S.1981 § 2–610 as: "... the findings of the Board of Review as to the facts, if supported by evidence, shall be conclusive ..." The findings by the OESC Board of Review were supported by evidence. Under the statutorily prescribed standard of review, we are required to hold the findings of fact to be conclusive.

■ Doby next contends that a private employee's refusal to take a drug test, absent reasonable suspicion by his employer that employee is impaired, is not misconduct. Oklahoma follows an "at-will" employment policy. With limited exceptions not material here, a private employee may be terminated from an employment at the will of the employer. Such employee may be terminated for refusal to follow employer's rules, or for whatever reason consti-

tutes the "will" of the employer. However, misconduct to deny unemployment benefits is not the same as termination from employment. An employee may be terminated for many reasons not rising to the level of misconduct. Misconduct, as applicable to unemployment benefits, was defined in *Vester v. Board of Review of the OESC,* 697 P.2d 533, 537, (Okl.1985), as follows:

> ... conduct evincing such willful or wanton disregard of an employer's interest as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree of recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to his employer.

■ We hold that an employee's refusal to follow an employer's reasonable work rules and policies, constitutes a "deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee, or [of] carelessness or negligence of such a degree or recurrence as to manifest equal culpability,...., or [of] an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer," so as to constitute disqualifying misconduct under the definition thereof established in *Vester.* An employer has a right to insist upon a workplace which is free from drug impaired workers. In furtherance of this purpose an employer may require his employees take drug tests.

Doby cites *Grace Drilling Co. v. Novotny,* 811 P.2d 907 (Okl.App.1991), and *Independent School District No. 1 of Tulsa Co. v. Logan,* 789 P.2d 636 (Okl.App.1989), as standing for the proposition that there must be a showing of bizarre behavior or loss of productivity before an employer may request a drug test. Those cases do not so hold. The issues in the *Novotny* and *Logan* cases differ from that now being considered. Novotny and Logan each complied with the employer's rules and

submitted to the drug tests, and each of them tested positive. However, there was no evidence of impairment or irregular behavior. The holding in those two cases was that testing positive in a drug test, by itself and without any evidence or signs of impairment, did not constitute "misconduct" as that term is used in the unemployment compensation statutes. In addition, the *Logan* and *Novotny* Courts held that *off duty conduct*, without any adverse effect or impairment of *on duty conduct or performance*, would not be "misconduct" which would disqualify a terminated employee from receiving unemployment compensation. Both *Novotny* and *Logan* affirm an employer's right to require employees to submit to drug tests, and we so hold in this case. Doby refused to follow his employer's rule and policy. That was "misconduct".

Affirmed.

BAILEY and ADAMS, JJ., concur.