**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 13 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

—————————————

PAT HAYES,

     Plaintiff-Appellant,

v.

CORRECTION MANAGEMENT
AFFILIATES INC.,

     Defendant-Appellee.

Nos. 95-6449
&
96-6030
(D.C. No. 95-CV-359-A)
(W.D. Okla.)

—————————————

ORDER AND JUDGMENT[*]

—————————————

Before BALDOCK, EBEL, and LUCERO, Circuit Judges.

—————————————

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

these appeals. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The cases are

therefore ordered submitted without oral argument.

———————————

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff-appellant Pat Hayes, appearing pro se, appeals the district court's summary judgment in his action against his former employer, Correction Management Affiliates, Inc., and the district court's denial of his motion to amend the judgment. We affirm.

On March 10, 1992, plaintiff was dismissed from his position as a probationary employee of Correction Management Affiliates, Inc. He filed a complaint with the Equal Employment Opportunity Commission and received a right to sue letter on February 7, 1994. Plaintiff filed his first employment discrimination action on May 10, 1994. This action was dismissed on December 6, 1994, for failure to comply with the requirements of Rule 4(m) of the Federal Rules of Civil Procedure. We affirmed the dismissal in Hayes v. Correction Management Affiliates, Inc., No. 95-6060, 1995 WL 761802 (10th Cir. Dec. 27, 1995), cert. denied, 117 S. Ct. 209 (1996).

Plaintiff filed this second action against his former employer on March 10, 1995, alleging that he was terminated in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 623, and that his termination violated Oklahoma public policy, breached an implied contract, and constituted fraud. The district court granted the employer summary judgment on plaintiff's age discrimination and public policy claims based on their respective statutes of limitations. Summary judgment was granted on the fraud claim because there was no evidence

that plaintiff relied on any allegedly false statements by the employer, and on the breach of implied contract claim because the undisputed evidence showed that the employer complied with all relevant policies. The district court declined to amend its judgment, and these appeals followed.

We review a grant of summary judgment de novo, applying the same standards as those used by the district court. Universal Money Ctrs., Inc. v. American Tel. & Tel. Co., 22 F.3d 1527, 1529 (10th Cir. 1994). Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). We examine the record and reasonable inferences therefrom in the light most favorable to the nonmoving party. Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc., 912 F.2d 1238, 1241 (10th Cir. 1990).

After reviewing plaintiff's pleadings, we find no argument that his age discrimination and public policy claims were filed within the time permitted by their respective statutes of limitations. The summary judgment on these claims, therefore, is affirmed.

Plaintiff raises several arguments that, construed liberally, relate to his breach of implied contract and fraud claims. He argues first that he was entitled to a judgment in his favor on these claims because the employer failed to respond to his "Answer to Defendant's Answer to Plaintiff's motion for Summary

Judgment." This answer, however, is not the type of "motion, application or objection" which the court may deem confessed if not responded to within eighteen days. See United States District Court for the Western District of Oklahoma Local Rule 7.1(e). The employer, in fact, was not entitled to respond to plaintiff's answer without leave of the court. See id., Local Rule 7.1(g).

Plaintiff next argues that the employer committed fraud by informing the EEOC and this court that plaintiff was dismissed for misconduct under Policy A-155-R, when he was actually dismissed under Policy A-260-R, and that Policy A-260-R entitled him to a hearing, thus supporting his claim for breach of an implied contract. Policy A-260-R only governs performance appraisals, however, and the appeal rights contained therein pertain only to such appraisals. Because Policy A-155-R governs dismissals for misconduct, and does not entitle a probationary employee to an appeal, no error occurred.

Finally, plaintiff argues that the employer is precluded from arguing that he was dismissed for misconduct under Policy A-155-R, based on the Oklahoma Employment Security Commission's finding that plaintiff was not disqualified for unemployment benefits by a dismissal for misconduct under title 40, section 2-406 of the Oklahoma Statutes. "However, misconduct to deny unemployment benefits is not the same as [reasons justifying] termination from employment." Doby v. Oklahoma Employment Sec. Comm'n, 823 P.2d 390, 392 (Okla. Ct. App.

1991).  Because Policy A-155-R defines "misconduct" to include incompetence, inefficiency, and neglect of duty, which do not constitute "misconduct" under title 40, section 2-406 of the Oklahoma Statutes, see Tynes v. Uniroyal Tire Co., 679 P.2d 1310, 1312 (Okla. Ct. App. 1984) (quotation omitted), the Commission's finding is not implicated.  Further, under title 40, section 2-610A of the Oklahoma Statutes, the Commission's finding is "not . . . conclusive or binding in any separate or subsequent action . . . between an individual and his . . . prior employer in any other forum."  The employer, therefore, is not precluded from showing that plaintiff was dismissed for misconduct under Policy A-155-R, and summary judgment was appropriate.

The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.  The mandate shall issue forthwith.


Entered for the Court


David M. Ebel
Circuit Judge

-5-