**In the Matter of the Appeal From the South Dakota Department of Labor, Unemployment Insurance Division, for Neil BERTRAM.**

No. 14033.

Supreme Court of South Dakota.

Considered on Briefs May 26, 1983.

Decided Jan. 25, 1984.

Joseph G. Rimlinger, East River Legal Services, Sioux Falls, for appellant.

Drew C. Johnson, Sp. Asst. Atty. Gen., Aberdeen, for appellee, South Dakota Dept. of Labor.

PER CURIAM.

Appellant was awarded unemployment benefits. His employer, Midwest Security Transfer, protested the Department of Labor's award. After an administrative hearing the appeals referee rescinded all benefits for a specified period of time because of appellant's misconduct. The Secretary of the Department of Labor upheld the referee and the circuit court affirmed the Secretary's decision. We also affirm.

Appellant was originally employed as a courier delivering valuable items between banks in Sioux Falls and Aberdeen, South Dakota, on a fixed schedule. Appellant was frequently late for work, and was warned that he would be discharged if he did not report to work on time. After this warning, appellant was late again and was immediately discharged on October 25, 1981. On October 28, 1981, he was reemployed to sell courier services for the same employer. Appellant's time was to be shared with another firm for whom he was to sell unrelated items. The reemployment agreement required appellant to be on the road five days a week by 8:30 or 9:00 a.m. and to finish each day around 5:00 p.m. Appellant was also required to submit a record of his contacts. On November 4, 1981, his employer discovered that appellant was still at home almost two hours after working hours commenced. On November 5, 1981, appellant's employer tried to call him at his home and got a busy signal until 3:30 in the afternoon when, finally, the phone was not answered at all. When the employer went to appellant's home, his car, with his books and records inside, was parked outside until 4:00 p.m. However, no one answered the door.

The notice of hearing on the employer's protest stated that appellant's claim was protested for "reasons which disqualify [appellant from receiving benefits]." Though the notice did not specify the issue as appellant's alleged misconduct, it cited

the applicable statutes as SDCL 61–6–14[1] and 61–5–29.[2]

Appellant does not challenge the referee's findings that appellant was regularly late to work, that he was warned he would be discharged, and that he failed to comply with the specified work schedule while he was a salesman. Rather, appellant argues that his conduct does not amount to misconduct within the meaning of SDCL 61–6–14. Appellant offered nothing, other than the demanding schedule of his work as a courier, to excuse his regular inability to comply with the employer's work schedule. As a salesman with conventional working hours appellant's behavior became absolutely devoid of any excuse. *Cf. Matter of White,* 339 N.W.2d 306 (S.D. 1983). In the absence of any excuse we can only conclude that appellant's recurring and substantial tardiness was a careless disregard of his duties to his employer and amounted to misconduct. *Matter of Yaroch,* 333 N.W.2d 448 (S.D.1983).

Appellant also contends that the notice of hearing was defective and prejudiced his substantial rights because it failed to explicitly state that the issue in the administrative appeal would be his misconduct. Appellant now claims he had evidence that would have shown he was working on the day his employer found his car at home.

A notice of hearing in contested administrative cases "shall include: ... (4) a short and plain statement of the matters asserted. If the agency or other party is unable to state the matters in detail at the time the notice is served, the initial notice may be limited to a statement of the issues involved." SDCL 1–26–17. A notice of hearing must fairly apprise a party of the issues so the party can adequately prepare a defense. *See Zeig v. S.D. Dept. of Labor,* 337 N.W.2d 435 (S.D.1983); 4 B. Mezines et al., Administrative Law § 36.01 (1983); B. Schwartz, Administrative Law § 97, 274 (1976). The notice's citation to SDCL 61–6–14, which sets out an employee's disqualification "for misconduct connected with his work," was sufficient notice of the issues appellant had to meet.

Finally, we reject any contention that appellant's substantial rights were prejudiced because of the alleged inadequacy of the notice or the lack of an opportunity to present the evidence he now seeks to present at the appellate level. Though the paralegal who represented appellant at the administrative hearing requested that the record remain open, the record does not show any attempt to submit evidence on the issues appellant claimed to be inadequately notified of. Any additional evidence on issues appellant was unprepared to address could have been submitted by a simple request to both the Secretary of the Department of Labor, SDCL 61–7–12, or to the circuit court, SDCL 1–26–34 (1980). Appellant made no such requests. Thus, appellant never provided the referee, the Secretary, or the circuit court with an opportunity to correct any error or prejudice that may have resulted from appellant's inability to prepare his case because of the allegedly defective notice.

The order of the circuit court is affirmed.

---

1. SDCL 61–6–14 disqualifies an employee from receiving unemployment benefits for a certain period of time if the employee was discharged for misconduct.

2. SDCL 61–5–29 generally exempts an employer's experience rating account from any charges if an employee's separation is for good cause not attributable to the employer, misconduct, pregnancy, or to assume domestic duties.