Carolyn VESTER, Appellant,

v.

The BOARD OF REVIEW OF the OKLA-HOMA EMPLOYMENT SECURITY COMMISSION; Oklahoma Employment Security Commission; and The Charles Machine Works, Appellees.

No. 60013.

Supreme Court of Oklahoma.

March 19, 1985.

Gary W. Swimley, Stillwater, for appellant.

McKinney, Stringer & Webster by Robert D. Tomlinson, Oklahoma City, for appellee, The Charles Machine Works.

LAVENDER, Justice:

Appellant, Carolyn Vester, appeals to this Court, under the provisions of 40 O.S. 1981 § 2–610(3), from a judgment of the district court affirming the determination of the Board of Review of the Oklahoma Employment Security Commission that appellant had been discharged for misconduct connected with her work and was therefore disqualified for unemployment benefits by 40 O.S.1981 § 2–406.

Appellant initially filed a claim for unemployment benefits. Notice of this claim was given to appellant's last employer, appellee The Charles Machine Works, Inc. (CMW). By letter, CMW protested appellant's claim. This letter recited that appellant had been discharged due to misconduct connected with her work. The nature of the misconduct was alleged to be chronic absenteeism.

Two days after the date of CMW's protest, appellee Employment Security Commission mailed notice of determination to appellant. This notice stated that appellant was disqualified for benefits by the provisions of section 2–406.

Appellant appealed this determination and a hearing was set before a referee of the Appeal Tribunal of the Employment Security Commission. At the hearing appellant testified on her own behalf and the employment manager of CMW testified on behalf of the employer.

A copy of the Appeal Tribunal's decision was subsequently mailed to the parties. This decision contained requisite findings of fact and conclusions of law. As findings of fact the referee stated:

The employer testified the claimant was discharged because of a very unsatisfactory attendance record. During 1979 she missed 638.7 hours. She had missed 355 hours due to a job injury, and this was not counted against her. She missed 283 other hours for illness and personal reasons. In 1981 she missed 169.5 hours from January 1, 1981, through September 16, 1981. She was repeatedly counseled about her attendance problems, and the employer gave her every opportunity to correct her attendance problems. Her work was very satisfactory when she was there, but her attendance was not improving.

The claimant testified that she did have numerous absences, and has no disagreements with the attendance record as submitted by the employer. She always called the employer when it was necessary that she was absent. Her absences were caused mainly because of health factors. She did provide medical statements on many of the absences.

From these facts the referee drew the following conclusions of law:

The claimant was discharged. When an individual is discharged, it is the responsibility of the employer to establish that the individual was discharged for cause measuring to misconduct connected with the work. The term "misconduct" has been defined as an act or course of conduct detrimental to the employer's best interests or a willful failure to abide by reasonable and known rules of the employment. Decisions of this Tribunal, and the Board of Review, have consistently held that a history of numerous and repeated absences is an action measuring to misconduct connected with the work as defined. It has been held by both bodies that a history of excessive absenteeism is misconduct, even if those absences may have been for health reasons. The testimony and evidence establishes that the claimant was discharged for an excessive absenteeism rate, and she is subject to the disqualifying provisions under this section of the Act.

Appellant requested a review of the Appeal Tribunal's decision by appellee Board of Review. The Board of Review subsequently adopted the findings of fact and conclusion of law of the referee and affirmed the decision of the Appeal Tribunal.

Review of this administrative action by the district court was then initiated by appellant. The trial court, on examination of the record, held that the Board of Review had not misapplied the proper standards in the determination of misconduct and affirmed the Board's determination.

On appeal to this Court, appellant presents two challenges: first, that the referee's conclusion of law adopts an erroneous definition of misconduct; and second, that the referee's conclusion of law is not supported by the statement of facts.

## I.

■ In reviewing the actions of appellee Board of Review, which is charged with exercising a judicial function by the provisions of 40 O.S.1981 § 2–606, the district court's determination was limited by the guidelines set forth by this Court in the case of *In re White:*[1]

"We have also held the district court sits as an appeal tribunal and its jurisdiction is limited to the consideration of the transcript and the argument of the respective attorneys thereon. We have also held that in an appeal, such as was perfected herein, the district court is limited to determinations whether an error of law was committed in the hearing and whether or not the findings are supported by the evidence introduced...." (Citations omitted)

The challenges presented by appellant charge that the trial court erred in its determination that the decision of the Board of Review was not contrary to law.

## II.

Appellant first argues that the Board of Review's decision was erroneous as a matter of law because it adopted a definition of misconduct contrary to the Legislative intent behind the Employment Security Act of 1980.[2] In section 1–103, the Legislature stated the public policy which was to guide interpretation of the Act:

As a guide to the interpretation and application of this act, the public policy of this state is declared to be as follows: Economic insecurity due to unemployment is a serious menace to the health, morals, and welfare of the people of this state. Unemployment is therefore a subject of general interest and concern which requires appropriate action by the Legislature to prevent its spread and to lighten its burden which now so often falls with crushing force upon the unemployed worker and his family. The achievement of social security requires protection against this greatest hazard of our economic life. This objective can be furthered by operating free public employment offices in affiliation with nationwide system of employment services, by devising appropriate methods for reducing the volume of unemployment and by the systematic accumulation of funds during periods of employment, thus maintaining purchasing power and limiting the serious social consequences of unemployment. The Legislature, therefore, declares that in its considered judgment the public good, and the general welfare of the citizens of this state require the enactment of this measure, under the police power of the state for the establishment and maintenance of free public employment offices and for the compulsory setting aside of unemployment reserves to be used for the benefit of persons unemployed through no fault of their own.

In view of this policy, the Oklahoma Court of Appeals[3] adopted a definition of misconduct to be applied to the disqualifying provisions of section 2–406, designed to

---

**1.** 355 P.2d 404, 406 (Okla.1960).

**2.** 40 O.S.1981 §§ 1–101 through 9–104.

**3.** *Tynes v. Uniroyal Tire Co.,* 679 P.2d 1310 (Okla.App.1984).

narrow the construction of this section and to thus allow maximum fulfillment of the Act's stated purpose. The definition adopted by the Court of Appeals is taken from the case of *Boynton Cab Company v. Neubeck.*[4] In *Boynton Cab*, the Supreme Court of Wisconsin, in considering the provision of a statute disqualifying prospective unemployment compensation recipients discharged for "misconduct," determined that the broad public policy favoring the allowance of benefits to cushion the societal effects of unemployment required the limitation of the term:

to conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or

incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed "misconduct" within the meaning of the statute.

■ *Boynton Cab's* imposition of the element of willful or wanton conduct, or of negligence of such a degree as to manifest equal culpability, to the conceptual determination of "misconduct" sufficient to deny unemployment benefits, has been cited with at least tacit approval by a majority of American jurisdictions.[5] This requirement of an element of deliberate behavior continues to play an important part in the courts' assessments of what "misconduct" is sufficient to impose the penalty of disqualification on a potential unemployment benefits recipient.[6]

■ The stated purpose of unemployment compensation legislation, as set forth specifically in the Oklahoma law and as noted in most of the cases adopting the definition of misconduct from *Boynton Cab*, is to provide some form of relief to those unemployed through no fault of their own. The definition of "misconduct" adopted by the Appeals Tribunal referee in

4. 237 Wis. 249, 296 N.W. 636, 640 (1941).

5. See *Employment Security Commission v. Myers,* 17 Ariz.App. 87, 495 P.2d 857 (1972); *B.J. McAdams, Inc. v. Daniels,* 269 Ark. 693, 600 S.W.2d 418 (Ct.App.1980); *Maywood Glass Co. v. Stewart,* 170 Cal.App.2d 719, 339 P.2d 947 (1959); *Langlois v. Administrator, Unemployment Compensation Act,* 24 Conn.Sup. 177, 188 A.2d 507 (1963); *Spaulding v. Florida Industrial Commission,* 154 So.2d 334 (Fla.Ct.App.1963); *Mandes v. Employment Sec. Agency,* 74 Idaho 23, 255 P.2d 1049 (1953); *Mattson v. Dept. of Labor,* 118 Ill.App.3d 724, 74 Ill.Dec. 248, 455 N.E.2d 278 (1983); *Massengale v. Review Board,* 120 Ind.App. 604, 94 N.E.2d 673 (1950); *Employment Sec. Bd. v. LeCates,* 218 Md. 202, 145 A.2d 840 (1958); *Garfield v. Director, Div. of Employment Sec.,* 377 Mass. 94, 384 N.E.2d 642 (1979); *Carter v. Michigan Employment Sec. Commission,* 364 Mich. 538, 111 N.W.2d 817 (1961); *In re Tilseth,* 295 Minn. 372, 204 N.W.2d 644 (1973); *Wheeler v. Arriola,* 408 So.2d 1381 (Miss.1982); *Laswell v. Industrial Commission,* 534 S.W.2d 613 (Mo.Ct.App.1976); *Gaunce v. Board of Labor Appeals,* 164 Mont. 445, 524 P.2d 1108 (1974); *Bristol v. Hanlon,* 210 Neb. 37, 312 N.W.2d 694 (1981); *Barnum v. Williams,* 84

Nev. 37, 436 P.2d 219 (1968); *In re Miller,* 122 N.H. 993, 453 A.2d 1269 (1982); *Board of Review v. Bogue Elec. Co.,* 37 N.J.Super. 535, 117 A.2d 669 (1955); *Mitchell v. Lovington Good Samaritan Center, Inc.,* 89 N.M. 575, 555 P.2d 696 (1976); *In re Collingsworth,* 17 N.C.App. 340, 194 S.E.2d 210 (1973); *Perske v. Job Service North Dakota,* 336 N.W.2d 146 (N.D.1983); *In re Yaroch,* 333 N.W.2d 448 (S.D.1983); *Continental Oil Co. v. Board of Review,* 568 P.2d 727 (Utah 1977); *In re Gray,* 127 Vt. 303, 248 A.2d 693 (1968); *In re Employees of Edgewater Inn,* 10 Wash.App. 437, 517 P.2d 973 (1974); *Cooper v. Rutledge,* 286 S.E.2d 920 (W.Va.1982).

6. See *Exson v. Everett,* 9 Ark.App. 177, 656 S.W.2d 711 (1983); *Amador v. Unemployment Ins. Appeals Bd.,* 35 Cal.3d 671, 677 P.2d 224, 200 Cal.Rptr. 298 (1984); *Zelingers v. Industrial Commission,* Colo.App., 679 P.2d 608 (1984); *Roll v. City of Middleton,* 105 Idaho 22, 665 P.2d 721 (1983); *Starks v. Director, Div. of Employment Security,* 391 Mass. 640, 462 N.E.2d 1360 (1984); *Evenson v. Omnetic's,* 344 N.W.2d 881 (Minn.App.1984); *McCorison v. City of Lincoln,* 215 Neb. 474, 339 N.W.2d 294 (1983); *Douglas v. J.C. Penney Co.,* 67 N.C.App. 344, 313 S.E.2d 176 (1984).

the present case appears likely to thwart this purpose. It is readily conceivable that a course of conduct could result from causes divorced from the employee's control, and yet could be readily determined to be detrimental to the employer's best interests. A dismissal in such a case might clearly be justifiable; however, it could not be attributed to the employee as a matter of fault.

■ Thus, we find the adoption by the Appeals Tribunal referee of a definition of misconduct which definition requires only an act or course of conduct detrimental to an employer's best interest, without the element of willfulness or culpable negligence, to be contrary to the expressed purpose and intent of the Oklahoma Employment Security Act, and to be erroneous as a matter of law. It was therefore error for the trial court to affirm the Board of Reviews subsequent adoption of the conclusion of law which was based on this definition.

### III.

■ The second challenge presented by appellant is based on the assertion that the Appeals Tribunal referee's findings of fact do not support a finding of misconduct sufficient to preclude appellant from receiving unemployment compensation. In the present case we must agree. This is not to say that absenteeism or tardiness, and especially of the chronic variety, may not constitute misconduct within the meaning contemplated in section 2–406.[7] However, as noted in the cited cases, such absences have been required to be unexplained, unexcused, unjustified or unreported to constitute misconduct as to preclude receipt of compensation.

In the present case the Appeals Tribunal referee specifically found that appellant had given notice of her absences, that the absences were mainly the result of health problems and that appellant had presented documentation as to this fact.[8] The provisions of 40 O.S.1981 § 2–610(1), require that we treat this finding as conclusive if supported by evidence. Upon review of the record we do find evidentiary support and are thus bound to accept this statement as fact.

The presence of this fact element in the present case brings appellant's claim within the rule stated by the Supreme Court of South Dakota in the case of *In re White:*[9]

Claimant maintains that mere illness cannot evince "wilful or wanton disregard of an employer's interests." She equates it instead with "failure in good performance as the result of inability or incapacity," which, under *Boynton Cab,* does not constitute misconduct. We agree. While absence from work for illness may justify an employer in discharging an employee, such absence does not amount to willful misconduct precluding payment of unemployment compensation. *Kirk v. Cole,* 288 S.E.2d 547 (W.Va.1982); *Schultz v. Herman's Furniture, Inc.,* 52 Ohio App.2d 161, 368 N.E.2d 1269 (1976); *Scevers v. Employment Division,* 26 Or. App. 659, 554 P.2d 575 (1976); *Crib Diaper Service v. Unemployment Compensation Board of Review,* 174 Pa.Super. 71, 98 A.2d 490 (1953); 81 C.J.S. Social Security and Public Welfare § 223 (1977)."

■ The citations of authority offered by appellee CMW to support the referee's conclusion that appellant's absenteeism constituted misconduct also contain limiting language requiring such factors as lack

---

7. See *Evenson v. Omnetic's,* supra note 6; *McCorison v. City of Lincoln,* supra note 6; *Gettig Engineering v. Commonwealth,* 81 Pa. Commw.Ct. 416, 473 A.2d 749 (1984); *Shadduck v. Commonwealth,* 80 Pa.Commw.Ct. 478, 471 A.2d 1298 (1984); *In re Bertram,* 343 N.W.2d 382 (S.D.1984).

8. Additionally, we note that in the instance of a claim of disqualification due to misconduct raised by an employer, the employer must bear the burden of proving that the claimant was guilty of misconduct. *Tynes v. Uniroyal Tire Co.,* 679 P.2d at 1312.

9. 339 N.W.2d 306, 307 (S.D.1983).

of sufficient reason,[10] or lack of sufficient cause.[11] None of appellee's citations are persuasive in this case where the referee has specifically found the cause of appellant's absences to be related to a factor beyond appellant's control.

We find that the referee's finding of facts precludes a conclusion that appellant must be disqualified for unemployment benefits due to discharge for job-related misconduct.

### IV.

The trial court's judgment in this case affirming the Board of Review's adoption and affirmation of the decision of the Appeals Tribunal denying appellant unemployment benefits is reversed, and the cause remanded for further action by the trial court consistent with this opinion.

DOOLIN, V.C.J., and HARGRAVE, OPALA, WILSON and SUMMERS, JJ., concur.

SIMMS, C.J., not participating.

KAUGER, J., disqualified.

---

**10.** *Goff v. Administrator,* 157 So.2d 268 (La.Ct. App.1963).

**11.** *Hannon v. Administrator, Unemployment Comp. Act.,* 29 Conn.Sup. 14, 269 A.2d 80 (1970).