Iris L. STANDRIDGE, Appellant,

v.

BOARD OF REVIEW OF the OKLAHOMA EMPLOYMENT SECURITY COMMISSION, Appellee.

No. 68770.

Court of Appeals of Oklahoma, Division No. 2.

Aug. 1, 1989.

Rehearing Denied Aug. 28, 1989.

Certiorari Denied March 22, 1990.

Robert T. Hardcastle, Wilburton, for appellant.

David T. Hopper, Oklahoma City, for appellee.

## SUMMARY OPINION

MEANS, Presiding Judge.

Plaintiff appeals from the order of the trial court which affirmed the Commission's denial of unemployment benefits. Having reviewed the record and applicable law, we reverse.

Plaintiff was employed by Cove Industries in Wilburton when she resigned from work because of allergies caused by lint and dye. Her initial application for unemployment compensation was granted with the following explanation:

The claimant quit her last work based on the medical advise [*sic*] of her physician. The claimant states she did ask to be laid off work for awhile and was told by Frankie Thacker her average was too high and could not do this. The claimant states she did not ask to be transferred to another department as the lint and dyes inside the building was [*sic*] affecting her allergies. Therefore, based on the available inforamtion [*sic*] the claimant did take all the necessary steps to resolve the situation prior to her quitting.

Employer appealed from the decision, solely on "the fact that we do not agree with the Deputy's Decision."

The Appeal Tribunal held a telephone hearing concerning the claim in which Employer's attorney, its witnesses, the referee, and Plaintiff took part in the conference call. In his order of decision, the referee found that "claimant told her employer she was quitting because of family problems and due to her illness. She did not present a medical statement to her employer showing job working conditions caused her illness, nor did she request a leave of absence." In denying unemployment benefits, the referee found:

THAT in order to escape disqualification on a separation issue when one leaves employment due to a temporary disability or illness, one must show by competent medical evidence, if possible, that it was necessary to cease work and attempt to maintain an employment status by requesting a leave of absence. If granted, one must return to work when released by one's physician. One who follows this procedure and is not rehired is deemed to be involuntarily separated. One who does not follow this procedure is deemed to have voluntarily left employment without good cause. The claimant did not follow the above procedure. Therefore, the claimant is disqualified for benefits.

Plaintiff appealed from the denial to the Board of Review, which affirmed the denial and adopted the findings of the hearing officer. Plaintiff's appeal to the district court resulted in a similar affirmance, with a finding that she did not follow the proper procedure "in those situations when there is a temporary disability or illness. That procedure is that it is necessary to show by medical evidence that it is necessary to cease work and attempt to maintain employment status by requesting a leave of absence." The court thus found that Plaintiff left work voluntarily and without good cause.

On appeal to this court, Plaintiff argues that the court's order which affirmed the Commission's denial of benefits is unsupported by the evidence and contrary to law. This court agrees.

■ In examining the record below, it appears that none of the adjudicators considered the statement from Plaintiff's doctor affirming that her allergies developed while working at Cove Industries. The doctor also stated that her condition was due to the work environment and that "I advised patient to seek other employment as it was an impossible situation to do anything with medically both physically and mentally." Clearly the letter from Dr. Duffey shows that he told Plaintiff to quit her job.

■ Plaintiff further argues that the Commission has no basis on which to require her to request a leave of absence prior to quitting. As her testimony shows, she requested to be "laid off" and this request was denied. Unskilled in the law and unaware of the Commission's internal procedures, she stated: "I believe that there was nothing further that I knew to do at that time."

The Commission counters this argument with a statement that the procedures outlined in the order denying benefits are a "proper exercise of [its] administration of the Employment Security Act." Although 40 O.S.1981 § 4–302, allows the Commission to adopt rules and regulations which it deems necessary, the Commission provides no citation of authority for these alleged procedures. The Commission refers to its procedure for establishing benefits, yet it cites no source for the procedures nor any publication in which these procedures are included.

Indeed, as Plaintiff notes, the Oklahoma Administrative Procedures Act, 75 O.S. 1981 and Supp.1988 §§ 250 through 326, lists requirements for agency rulemaking. Section 308.2 states that no rule is valid or effective unless promulgated according to the Act. Furthermore, section 309 requires that in all agency proceedings the parties must be given proper notice, including "a reference to the particular sections of the statutes and rules involved." The record before us shows that the Commission has never apprised either the Plaintiff or this court of the appropriate reference to its rules.

The Oklahoma statutes do not require requesting a leave of absence as a prerequisite to the application of the good cause standard. See 40 O.S.1981 §§ 2–404 and 2–405. The statutes do not even hint at subjecting certain persons to a special standard for unemployment compensation merely because they are temporarily disabled because of illness. In fact, the stated policy of Oklahoma's Employment Security Act is to benefit all "persons unemployed through no fault of their own." 40 O.S.1981.§ 1–103. This group of persons, of necessity, includes those who quit their jobs for "good cause."

Section 2–405 defines "good cause" to include "a job working condition that had changed to such a degree it was so harmful, detrimental, or adverse to the individual's health, safety, or morals, that leaving such work was justified." The Commission did not dispute that Plaintiff quit her job based on her doctor's recommendations. Instead, its denial of benefits was for failing to request a leave of absence.

The court's order which affirmed the Commission's denial of benefits is contrary to law and unsupported by the evidence. See, e.g., Vester v. Board of Review, 697 P.2d 533 (Okla.1985). Accordingly, the order is reversed and the case remanded for proceedings consistent with this opinion.

BACON, J., concurs.

RAPP, J., not participating.