George SMITH, Appellant,

v.

**OKLAHOMA EMPLOYMENT SECURITY COMMISSION, Board of Review of the Oklahoma Employment Security Commission and City of Oklahoma City, Appellees.**

No. 72774.

Court of Appeals of Oklahoma, Division No. 3.

Dec. 18, 1990.

Travis Smith and Gary A. Taylor, Legal Aid of Western Oklahoma, Oklahoma City, for appellant.

Jim Sales and David T. Hopper, Oklahoma City, for appellee, Oklahoma Employment Sec. Com'n.

Rita Douglas Talley, Oklahoma City, for appellee, City of Oklahoma City.

## OPINION

GARRETT, Presiding Judge:

George Smith (Appellant) was formerly employed by the City of Oklahoma City (Appellee City) as a crew supervisor for the City Street Department. He took leave to have surgery for a condition which was not employment related. The period from July 3, 1985, until July 23, 1985, was leave with pay. After July 23, 1985, however, he was placed on leave without pay status. He was told to submit a physician's statement, either releasing him to return to work full time, or estimating the total time required for his recovery. Appellant presented a statement which released him on a restricted basis, and Appellee's representative advised him this would be unacceptable. He was told light duty work was available only to employees whose illnesses were employment related. He testified that he thought he was terminated at that time, August 15, 1985. His supervisor, Walter Sanders, advised him on August 21, 1985, that he must submit the physician's statement by August 22, 1985, or he would be terminated. He attempted to obtain the required statement, but learned his physician was on vacation until September, 1985. He was told at the Oklahoma Memorial Hospital (OMH) that only his attending physician could issue a release. Appellant's employment was terminated on August 23, 1985. Appellant applied for unemployment benefits which were denied by Appellee Oklahoma Employment Security Commission (OESC) on the ground that Appellant was terminated for "misconduct", pursuant to 40 O.S.1981 § 2–406. Appellant filed with the Appeal Tribunal of the OESC (Tribunal), which reversed the prior order. Appellee City appealed that decision to Appellee, OESC Board of Review (Board). The Board reversed the Tribunal's order, finding:

It must be presumed that claimant was not willing or able to work for two reasons: Claimant's failure to provide a doctor's excuse as required and claimant's submission of an application for disability social security.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED BY THE BOARD OF REVIEW that the decision of the Appeal Tribunal be and the same is hereby *REVERSED* and benefits disallowed to the claimant *in accordance with Section 2–406 of the act.* (Emphasis added).

Appellant asked the Board to reconsider its order, but the motion was denied. Appellant then appealed to the district court, which affirmed the Board. Appellant contends the evidence does not support the Board's decision that he was discharged for misconduct related to his work.

Although there was evidence at the hearing before the Tribunal that indicates Appellee City took the position that Appellant quit his employment, we find the evidence supports the argument that he was terminated. Sanders testified:

All we was concerned about at the time was when George was employed with us and we needed a full doctor statement in

**1176**

order to let him come back to work. And he never did get it. This was grounds he was terminated on.

In *Vester v. Board of Review of Oklahoma Employment Security Commission*, 697 P.2d 533 (Okl.1985), the Court adopted the definition of "misconduct" in *Tynes v. Uniroyal Tire Company*, 679 P.2d 1310 (Okl.App.1984), which the Court of Appeals had adopted from *Boynton Cab Company v. Neubeck*, 237 Wis. 249, 296 N.W. 636, 640 (1941). The *Vester* court noted at page 537 that the Wisconsin Court considered the "broad public policy favoring the allowance of benefits to cushion the societal effects of unemployment ..." required limiting the definition of "misconduct"

> "... to conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed 'misconduct' within the meaning of the statute."

The *Vester* court further stated at page 537:

> The stated purpose of unemployment compensation legislation, as set forth specifically in the Oklahoma law and as noted in most of the cases adopting the definition of misconduct from *Boynton Cab*, is to provide some form of relief to those unemployed through no fault of their own.

■ The findings of the Board of Review as to facts are conclusive, if supported by the evidence, and the jurisdiction of the district court is confined to questions of law. See 40 O.S. § 2-610. In its order reversing the Tribunal, the Board made the findings that Appellant was unable and unwilling to work for the reasons that he failed to submit a physician's statement, and that he had filed for social security disability. The Board found that this constituted misconduct under § 2-406, and the district court agreed. Under the *Vester* and *Tynes* definition, however, we fail to see how Appellant's actions constitute "misconduct". The record shows Appellant attempted to comply with City's request by submitting a physician's statement, even though his physician did not release him to return to work without restriction. See also *Arkle v. Independent School Dist. One of Tulsa County*, 784 P.2d 91 (Okl.App.1989), in which this Court held the failure of the former employee to send results of his annual physical exam, including a drug screening test, to his employer was not "misconduct".

■ Appellee City argues that the Board's order, affirmed by the district court, was supported by the record and was not contrary to law because the record showed Appellant was unable to perform his work, citing 40 O.S.1981 § 2-205 which provides, in part:

> (1) The unemployed individual must be able to perform work duties in keeping with his work experience during the past twelve (12) calendar months....
>
> (2) The unemployed individual must be available to seek and accept work at any time; may not be engaged in any activity that would normally restrict his seeking or accepting employment in keeping with his prior work experience during the past twelve (12) months; ....

Section 2-205 refers to an "unemployed individual", i.e., an individual who is already unemployed. See 40 O.S.1981 § 1-217. We agree with Appellant that § 2-205 has nothing to do with the reasons for his discharge, or whether his actions constitute "misconduct" under § 2-406 to disqualify him from receiving unemployment benefits. The appellate record shows that Appellant's physician signed a release on October 15, 1985. Although the physi-

cian's statement indicates Appellant may not be able to perform when the work requires extreme physical exertion, he did state the illness did not demand cessation of work "at the present time".

We hold the district court's order, affirming the Board, is contrary to law, as such actions by Appellant do not constitute "misconduct" as defined by the Oklahoma law.

The order of the district court is reversed and this case is remanded with directions to enter an order allowing unemployment benefits starting from the effective date of Appellant's termination.

REVERSED AND REMANDED WITH DIRECTIONS.

HUNTER, V.C.J., and HANSEN, J., concur.