**B.S. VOGLE, Appellant,**

v.

**OKLAHOMA EMPLOYMENT SECURITY COMMISSION, Board of Review of Oklahoma Employment Security Commission, and Dillard's Department Store, Appellees.**

No. 74162.

Released for Publication by Order of the Court of Appeals of Oklahoma, Division No. 3.

Court of Appeals of Oklahoma, Division No. 3.

Sept. 10, 1991.

Travis Smith, Gary A. Taylor, Oklahoma City, for appellant.

Jim Sales, David T. Hopper, Oklahoma City, for appellees.

## MEMORANDUM OPINION

JONES, Judge:

Vogle appeals from the District Court's Order affirming denial of unemployment benefits by Appellees, Oklahoma Employment Security Commission and Board of Review of the Oklahoma Employment Security Commission.

Vogle was employed by Dillard's Department Store in Heritage Park Mall from March 25, 1986 until November 6, 1987 when she was discharged from her job for not following company rules. On November 13, 1987, Vogle filed a complaint with the E.E.O.C., alleging age and sex discrimination. Vogle thereafter applied to the Oklahoma Employment Security Commission for unemployment benefits. On December 18, 1987, the application was denied after Claimant's employer claimed she was discharged for misconduct relating to work. On December 28, 1987, Vogle filed an appeal with the Appeal Tribunal stating she was not discharged for misconduct but was actually discharged because of her previous testimony in an E.E.O.C. hearing for another discharged employee.

The Appeal Tribunal reversed the Commission's determination and allowed benefits. Dillard's appealed to the Board of Review. The decision was reversed and benefits were denied. On April 6, 1988, Vogle filed a petition in Oklahoma County District Court seeking review of the Board's decision. On September 13, 1989, after reviewing the record submitted by

the Oklahoma Employment Security Commission and the pleadings submitted by the parties, the District Court affirmed the Board of Review's decision denying benefits.

Vogle claims the District Court erred because the evidence did not support the decisions of the Board of Review and the District Court, and the standard for work related misconduct applied by the District Court and Board of Review was erroneous.

The transcript of testimony before Hearing Officer, Paul Riggins of the Appeal Tribunal, reveals that Betty Vogle, Appellant, was a beauty advisor in the cosmetics department at Dillards in Heritage Park Mall. Employees were encouraged to take discontinued perfume testers for their own use. Approval must first have been obtained from the store manager or immediate supervisor, then an approval slip was taken to customer service. Customer service was to verify the approval and issue a claim slip to the employee. At the end of the day, the employee turned in the claim slip and took the merchandise home. The merchandise was also taken past a security guard who provided an additional check point. One day Vogle inadvertantly omitted the first step in the process. Another employee, Beth Mahoney, also failed to get approval, but was not terminated.

Anna Ellis, store manager, testified at the hearing that Vogle had always obtained approval on previous occasions and that it was never denied. This was the only time Vogle failed to obtain approval. Ellis deemed this isolated act to be "dishonesty" even though Vogle returned the testers as soon as she learned there was a problem. On the day in question, Mahoney, a co-worker, had chosen some testers from the drawer and placed them in a sack. Vogle asked her to place two more in the sack and volunteered to take them to customer service. Mahoney was not terminated even though she had been reprimanded the week before for giving away a tester without permission.

Vogle testified at the hearing that Dillards wanted to terminate her employment because of her testimony in an E.E.O.C.

complaint filed by Shona R. Clark, a Creek Indian. Clark, as a former employee, filed a complaint for discrimination after she was continually ridiculed by her supervisor and called a "squaw" in the presence of others. On several occasions her supervisor asked her to do a "rain dance". Once, when Clark was attending a store sponsored seminar, her supervisor was required to inventory her line. When Clark returned, she found a note from the supervisor which read, "If you do this to me again, I will kill". Clark filed an E.E.O.C. complaint for discrimination and was subsequently discharged. On November 3, 1987, she filed a second complaint for retaliation, as well as age and race discrimination, stating "the working conditions for employees over 40 years old at Dillard's Heritage Park Mall are repressive. Management has made comments to the effect that 'no one over 30 years old will be hired as cosmetics consultant' ". Clark also claimed in her second complaint that other females at the Heritage Park store have been subjected to threats and intimidation for cooperating and/or participating in the investigation of her prior charge. Vogle testified at Clark's hearing.

At Vogle's hearing, witness, Teri McClain, testified that on previous occasions, Ellis had tried to terminate Vogle because "she was a trouble maker." After Vogle's transfer to the Muskogee store was approved, Ellis exclaimed, "I finally got rid of her!" Vogle refused to accept the transfer which apparently created further dissension between the two.

Unemployment benefits were denied to Vogle after she filed an E.E.O.C. complaint subsequent to her discharge. Vogle alleged in the complaint that management made discriminatory remarks about older women in cosmetics, banging on the counters and waiving fists, which drew the attention of customers. When Vogle asked why her Christmas commission was considerably less than that of other employees, she was told that it was because she was a witness in Clark's E.E.O.C. hearing. She also alleged in her Complaint that the women were subject to security checks while

the men were free to leave work without being searched.

From the foregoing evidence and testimony, the Hearing Officer made the following findings of fact and conclusions of law:

> ... The claimant did know the rules but made a mistake. There was another employee involved in this incident but she was not discharged because the claimant had the items in question on her own person when leaving the store. It is a general practice for employees in the beauty aid line to take testers home with permission.

> Section 2–406 provides a disqualification for claimants who are discharged from their last employment for misconduct connected with work. The term "misconduct" has been defined as an act or course of conduct evidencing such willful or wanton disregard of an employer's interest as is found in deliberate violation or disregard of standard of behavior which the employer has the right to expect of his employee ...

> ... In this case the claimant was not stealing the testers since it is a common practice to take these products home. The problem lies in the fact that the claimant did not get permission as the rule required. The claimant was aware of this rule. No evidence or testimony indicates that the claimant had broken that rule before or had been warned on any other matters. The claimant may have not used good judgment in the matter. Evidence of misconduct has not been proven. The Commission's determination is REVERSED. Benefits are allowed.

The Board of Review reversed this decision after receiving a letter from James E. Frick, a consultant hired by Dillards. No new evidence or testimony was submitted. The Board found that Vogle's actions were tantamount to misconduct, but made no finding that her acts were detrimental to her employer's interests. The District Court for Oklahoma County affirmed the Board.

■ Title 40 O.S.1971 § 2–406 provides that an individual seeking unemployment compensation shall be disqualified if he has been discharged for misconduct connected with his last work. The Court in *Vester v. Board of Review of Oklahoma Employment Security Commission,* 697 P.2d 533 (Okl.1985), defines "misconduct" as:

> Conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer.

*Vester* at 537.

■ Conduct exempted from the foregoing definition is "mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith error in judgment or discretion." *Id.* at 537. The Court in *Tynes v. Uniroyal Tire Co.,* 679 P.2d 1310 (Okl.App.1984) made a distinction between conduct which is grounds for termination and that which automatically subjects the claimant to a forfeiture of benefits. While the violation of a work rule may well justify the discharge of an employee, such a violation does not necessarily amount to misconduct for unemployment compensation purposes. *Id.* at 1313.

■ The conduct of Vogle may have been inadvertance or ordinary negligence, and may have been grounds for dismissal, but it does not constitute the type of conduct described in *Vester* or *Tynes* which would divest her right to unemployment benefits. Mere violation of a work rule although it may justify a discharge, does not necessarily constitute misconduct for the denial of benefits. 81 C.J.S. *Social Security* § 224 (1977). Vogle's conduct was not wilful or intentional. It was a mistake. Vogle inadvertantly failed to

gain approval before removing the merchandise, but she did not steal it. She simply omitted one step in the process. Customer service employees did not check for approval but nevertheless issued a claim check. Furthermore, Vogle turned the testers in after she realized there was a problem.

An isolated infraction of a work rule not detrimental to the employer's interest is not misconduct within the meaning of 40 O.S.1972 § 2–406 and is not sufficient to deny unemployment benefits. The evidence does not support the decision of the Board of Review and the District Court in denying benefits. The decision of the Appeal Tribunal awarding benefits is reinstated.

REVERSED.

HUNTER, C.J., and HANSEN, P.J., concur.