2006 OK CIV APP 135

**FIRST PLACE, Plaintiff/Appellant,**

v.

**OKLAHOMA EMPLOYMENT SECURITY COMMISSION, Board of Review of Oklahoma Employment Security Commission and Tammy L. McKnight, Defendants/Appellees.**

No. 102,663.

Court of Civil Appeals of Oklahoma, Division No. 1.

Sept. 15, 2006.

Howard R. Haralson, Oklahoma City, OK, for Plaintiff/Appellant.

Teresa Thomas Keller, for Defendant/Appellee, Oklahoma Oklahoma City, Oklahoma, Employment Security Commission.

Opinion by ROBERT DICK BELL, Presiding Judge.

¶ 1 Tammy McKnight was employed by Plaintiff/Appellant, First Place, as a manager from October 22, 2002 until September 30, 2003. McKnight was a manager on the 6:00 a.m. until 2:00 p.m. shift. The schedule temporarily changed from 7:00 a.m. to 3:00 p.m. to accommodate McKnight's child care needs, but reverted back to 6:00 a.m. in September, 2003. McKnight was late for work on numerous occasions. First Place terminated McKnight in September 2003 and she filed for unemployment benefits. First Place objected to McKnight's request for unemployment benefits on the basis that she was terminated for work-related misconduct.

¶ 2 At the hearing, David Moss, president of First Place, testified and produced documentation showing McKnight was chronically tardy to work. When Moss was questioned by the hearing officer whether the problem was resolved, he stated he and McKnight had "discussed it several times" and McKnight stated she was working on the problem, but it was never resolved. McKnight testified she was unable to secure day care at 5:15 a.m. when she left for work and she did not want to leave her daughter at home alone. She also testified Moss did not discuss her tardiness with her nor did First Place provide her with a deadline to resolve her day care and tardiness issues. She also claims Moss failed to advise her when her shift reverted back to the 6:00 a.m. start time.

¶ 3 At the conclusion of the hearing, Defendant/Appellee, the Oklahoma Employment Security Commission (Commission), awarded unemployment benefits to McKnight. The

Commission's determination was affirmed by the appeal tribunal. First Place requested a review of the appeal tribunal's order by the Board of Review of the Oklahoma Employment Security Commission (Board of Review). The Board of Review adopted the appeal tribunal's findings of fact and conclusions of law and affirmed its decision. First Place then sought review by the district court. Without expressing any reasons therefore, the district court affirmed the opinion of the Board of Review. First Place lodged the instant appeal.

¶ 4 When the district court reviews a decision of the Board of Review, it sits as an appeal tribunal and its jurisdiction is limited to the consideration of the transcript and the arguments of counsel to determine whether an error of law was committed in the hearing and whether the factual findings are supported by the evidence. *Vester v. Board of Review of Okla. Employment Sec. Com'n*, 1985 OK 21, 697 P.2d 533, *citing In re White*, 1960 OK 188, 355 P.2d 404.

¶ 5 On appeal, First Place urges the district court erred in affirming the Board of Review's award of unemployment benefits because McKnight was terminated for job-related misconduct. Under 40 O.S.2001 § 2–406, a claimant shall be disqualified from receiving unemployment benefits if that claimant was terminated for misconduct. The Commission counters the district court properly affirmed the award of unemployment benefits because McKnight's chronic tardiness did not amount to misconduct under § 2–406. As support, the Commission cites *Vester*. There, the Court limited the term "misconduct" to:

> conduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. On the other hand mere inefficiency, unsatisfactory conduct, failure

in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed "misconduct" within the meaning of the statute.

*Vester* at ¶ 12, 697 P.2d at 537, *quoting Boynton Cab Co. v. Neubeck*, 237 Wis. 249, 296 N.W. 636, 640 (Wis., 1941).

¶ 6 *Vester* further explained chronic absenteeism or tardiness may constitute misconduct within the meaning of § 2–406; however, such absences (or tardiness) must be unexplained, unexcused, unjustified or unreported to constitute misconduct as to preclude receipt of compensation. *Vester* at ¶ 16, 697 P.2d at 538. Here, the uncontroverted evidence revealed McKnight's tardiness was due to her inability to secure child care for the early morning shifts, she was not disciplined or advised her employment would be terminated as a result of her tardiness, nor was she given a deadline to correct her tardiness. Based on this evidence and the employer's awareness of McKnight's reasons for her tardiness and that she was trying to resolve this issue, the appeal tribunal found McKnight's termination was not due to misconduct as that term was defined in *Vester*.

¶ 7 Title 40 O.S.2001 § 2–610 provides in part the findings of the Board of Review as to the facts, if supported by evidence, shall be conclusive and the jurisdiction of the court shall be confined to questions of law. After reviewing the record, we find there was competent evidence in the record to support these findings. Accordingly, under § 2–610(1), these findings shall be treated as conclusive. Because the Board of Review's findings are conclusive, we cannot say the district court's judgment, which affirmed the Board of Review's order allowing unemployment benefits, was error. The district court's judgment is affirmed.

¶ 8 AFFIRMED.

HANSEN, J., and JOPLIN, J., concur.