OSCN Found Document:MARCHANT v. HEARTLAND PARTS AND SERVICES, INC.

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 MARCHANT v. HEARTLAND PARTS AND SERVICES, INC.
2015 OK CIV APP 38
Case Number: 112258
Decided: 04/10/2015
Mandate Issued: 05/07/2015
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2015 OK CIV APP 38, __ P.3d __

 
CASS R. MARCHANT, Plaintiff/Appellee,
v.
HEARTLAND PARTS AND SERVICES, INC., Defendant/Appellant,
and
BOARD OF REVIEW OF THE OKLAHOMA EMPLOYMENT SECURITY COMMISSION; and THE OKLAHOMA EMPLOYMENT SECURITY COMMISSION, Defendants/Appellees.
APPEAL FROM THE DISTRICT COURT OF
OKLAHOMA COUNTY, OKLAHOMA
HONORABLE LISA T. DAVIS, TRIAL JUDGE
AFFIRMED
Kimberly E. Marchant, Oklahoma City, Oklahoma, for Plaintiff/Appellee,
Sam C. (Van) Bingaman, III, BINGAMAN LAW OFFICE, Chickasha, Oklahoma, for Defendant/Appellant,
Robert C. Newark, III, David W. Bryan, Teresa Keller, Oklahoma City, Oklahoma, for Defendants/Appellees.
BRIAN JACK GOREE, PRESIDING JUDGE:
¶1 Defendant/Appellant, Heartland Parts and Services, LLC (Employer), seeks review of the district court's order reversing the decision of the Appeal Tribunal of the Oklahoma Employment Security Commission (OESC), which denied unemployment benefits to Plaintiff/Appellee, Cass R. Marchant (Employee), on the basis of misconduct. At issue is whether pre-employment conduct, in the absence of any willful or wanton concealment or other disregard of Employee's duties and obligations to Employer, constitutes "misconduct connected with his last work," within the meaning of 40 O.S. Supp. 2014 §2-406(A), so as to deprive him of entitlement to unemployment benefits. We hold it does not, and affirm.
¶2 The facts are undisputed. Employer hired Employee in February 2012 to work in the parts department. Four months later, Employer promoted Employee to sales. Employer neither informed Employee that he would have to be insurable nor inquired about his driving record. When Employer's insurance came up for renewal in October 2012, Employer asked Employee to sign a release of his driving record, which Employee did. The insurer notified Employer that Employee would be an excluded driver because of his driving record. Employer then discharged Employee. Employer's general manager testified that he no longer had a parts department position available at the time, both he and Employee were shocked by the insurer's action, and Employee would still be working for Employer but for the insurance exclusion.
¶3 Employee applied for unemployment benefits. Employer notified the OESC that Employee was terminated because his job duties required him to drive vehicles and he was no longer able to perform those duties. After an evidentiary hearing, OESC's hearing officer found that Employee was discharged for misconduct because he was not insurable based on his own actions, i.e., his driving record.
¶4 Employee appealed the hearing officer's decision to OESC's Board of Review, which affirmed the decision. Employee then sought judicial review by the district court pursuant to 40 O.S. 2011 §2-610. The district court ruled that the undisputed facts were insufficient to support a finding that Employee was discharged for job-related misconduct under §2-406. It reversed the denial of unemployment benefits and remanded for entry of an appropriate order.
¶5 Employer appeals from the district court's order. The question of whether certain activity constitutes misconduct sufficient to deprive an employee of entitlement to unemployment benefits is a question of law which we will review de novo. Kakkanatt v. Oklahoma Employment Sec. Comm'n, 2008 OK CIV APP 38, ¶10, 183 P.3d 1032, 1034.
¶6 Employer contends Employee was discharged for misconduct because he was not insurable based on his own actions. In support, Employer quotes from portions of the OESC's Unemployment Insurance Precedent Manual summarizing unappealed administrative decisions by its hearing officers and Board of Review. The Manual does not contain promulgated administrative rules which would have the force and effect of law and would be entitled to our deference. Estes v. ConocoPhillips Co., 2008 OK 21, ¶¶10-12, 184 P.3d 518, 523.
¶7 We are guided by the Oklahoma Statutes and the case law applying them. Section 2-406 provides, in relevant part:


A. An individual shall be disqualified for benefits if he or she has been discharged for misconduct connected with his or her last work. If discharged for misconduct, the employer shall have the burden to prove that the employee engaged in misconduct as defined by this section.... Once this burden is met, the burden then shifts to the discharged employee to prove that the facts are inaccurate or that the facts as stated do not constitute misconduct as defined by this section....
B. Acts which constitute misconduct under this section shall be limited to the following:
1. Any intentional act or omission by an employee which constitutes a material or substantial breach of the employee's job duties or responsibilities or obligations pursuant to his or her employment or contract of employment;
...
3. Indifference to, breach of, or neglect of the duties required which result in a material or substantial breach of the employee's job duties or responsibilities;
...
C. Any misconduct violation as defined in subsection B of this section shall not require a prior warning from the employer. As long as the employee knew, or should have reasonably known, that a rule or policy of the employer was violated, the employee shall not be eligible for benefits.


¶8 The Court in Vester v. Bd. of Review of Oklahoma Employment Sec. Comm'n, 1985 OK 21, ¶12, 697 P.2d 533, 537, cited Boynton Cab Company v. Neubeck, 237 Wis. 249, 296 N.W. 636, 640 (1941), in adopting a definition of misconduct under this section:


[C]onduct evincing such wilful or wanton disregard of an employer's interests as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect of his employee, or in carelessness or negligence of such degree or recurrence as to manifest equal culpability, wrongful intent or evil design, or to show an intentional and substantial disregard of the employer's interests or of the employee's duties and obligations to his employer. On the other hand mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, inadvertencies or ordinary negligence in isolated instances, or good faith errors in judgment or discretion are not to be deemed "misconduct" within the meaning of the statute.


The Court then ruled that frequent health-related absences, although justifying discharge, was not willful misconduct because the requisite state of mind, "wilful or wanton disregard of an employer's interests," was absent. Id. at ¶18.
¶9 In Kakkanatt v. Oklahoma Employment Sec. Comm'n, 2008 OK CIV APP 38, ¶¶12-14, 183 P.3d 1032, 1034, the Court examined the employee's state of mind at the time the disqualifying event occurred. Applying Vester, the Court looked for deliberate disregard of the employer's interests and the duties the employee owed the employer. Id. at ¶12. It held that a nurse's single instance of ordinary negligence was not disqualifying misconduct. Id. at ¶20.
¶10 In the present case, the sole disqualifying event was Employee's driving misconduct, which occurred pre-employment, at a time when Employee owed no duty to Employer. Therefore Employee could not have deliberately disregarded his duties to Employer at the time the disqualifying event occurred. Employer put on no evidence that Employee disregarded any duty to Employer while applying for employment or during their employer/employee relationship. We hold that pre-employment conduct, in the absence of any willful or wanton concealment or other disregard of Employee's duties and obligations to Employer, does not constitute "misconduct connected with his last work," within the meaning of 40 O.S. Supp. 2014 §2-406(A), so as to deprive Employee of entitlement to unemployment benefits.
¶11 The district court's order is AFFIRMED.
BUETTNER, J., and BELL, J., concur.




 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2008 OK CIV APP 38, 183 P.3d 1032, KAKKANATT v. OKLAHOMA EMPLOYMENT SECURITY COMMISSION
Discussed at Length
Oklahoma Supreme Court Cases
 Cite
Name
Level

 2008 OK 21, 184 P.3d 518, ESTES v. CONOCOPHILLIPS CO.
Discussed
 1985 OK 21, 697 P.2d 533, Vester v. Board of Review of Oklahoma Employment Sec. Com'n
Discussed
Title 40. Labor
 Cite
Name
Level

 40 O.S. 2-406, Discharge for Misconduct
Discussed
 40 O.S. 2-610, Judicial Review
Cited