OSCN Found Document:MARCHANT v. HEARTLAND PARTS AND SERVICES, INC.

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 MARCHANT v. HEARTLAND PARTS AND SERVICES, INC.
2015 OK CIV APP 38
348 P.3d 225
Case Number: 112258
Decided: 04/10/2015
Mandate Issued: 05/07/2015
DIVISION I
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION I
Cite as: 2015 OK CIV APP 38, 348 P.3d 225

 

CASS R. MARCHANT, Plaintiff/Appellee,
v.
HEARTLAND PARTS 
AND SERVICES, INC., Defendant/Appellant,
and
BOARD OF REVIEW OF THE 
OKLAHOMA EMPLOYMENT SECURITY COMMISSION; and THE OKLAHOMA EMPLOYMENT SECURITY 
COMMISSION, Defendants/Appellees.

APPEAL FROM THE DISTRICT COURT OF
OKLAHOMA COUNTY, 
OKLAHOMA
HONORABLE LISA T. DAVIS, TRIAL JUDGE

AFFIRMED

Kimberly E. Marchant, Oklahoma City, Oklahoma, for Plaintiff/Appellee,
Sam 
C. (Van) Bingaman, III, BINGAMAN LAW OFFICE, Chickasha, Oklahoma, for 
Defendant/Appellant,
Robert C. Newark, III, David W. Bryan, Teresa Keller, 
Oklahoma City, Oklahoma, for Defendants/Appellees.


BRIAN JACK GOREE, PRESIDING JUDGE:
¶1 Defendant/Appellant, Heartland Parts and Services, LLC (Employer), seeks 
review of the district court's order reversing the decision of the Appeal 
Tribunal of the Oklahoma Employment Security Commission (OESC), which denied 
unemployment benefits to Plaintiff/Appellee, Cass R. Marchant (Employee), on the 
basis of misconduct. At issue is whether pre-employment conduct, in the absence 
of any willful or wanton concealment or other disregard of Employee's duties and 
obligations to Employer, constitutes "misconduct connected with his last work," 
within the meaning of 40 O.S. Supp. 
2014 §2-406(A), so as to deprive him of entitlement to unemployment 
benefits. We hold it does not, and affirm.
¶2 The facts are undisputed. Employer hired Employee in February 2012 to work 
in the parts department. Four months later, Employer promoted Employee to sales. 
Employer neither informed Employee that he would have to be insurable nor 
inquired about his driving record. When Employer's insurance came up for renewal 
in October 2012, Employer asked Employee to sign a release of his driving 
record, which Employee did. The insurer notified Employer that Employee would be 
an excluded driver because of his driving record. Employer then discharged 
Employee. Employer's general manager testified that he no longer had a parts 
department position available at the time, both he and Employee were shocked by 
the insurer's action, and Employee would still be working for Employer but for 
the insurance exclusion.
¶3 Employee applied for unemployment benefits. Employer notified the OESC 
that Employee was terminated because his job duties required him to drive 
vehicles and he was no longer able to perform those duties. After an evidentiary 
hearing, OESC's hearing officer found that Employee was discharged for 
misconduct because he was not insurable based on his own actions, i.e., his 
driving record.
¶4 Employee appealed the hearing officer's decision to OESC's Board of 
Review, which affirmed the decision. Employee then sought judicial review by the 
district court pursuant to 40 O.S. 
2011 §2-610. The district court ruled that the undisputed facts were 
insufficient to support a finding that Employee was discharged for job-related 
misconduct under §2-406. It reversed the denial of unemployment benefits and 
remanded for entry of an appropriate order.
¶5 Employer appeals from the district court's order. The question of whether 
certain activity constitutes misconduct sufficient to deprive an employee of 
entitlement to unemployment benefits is a question of law which we will review 
de novo. Kakkanatt v. Oklahoma Employment Sec. Comm'n, 2008 OK CIV APP 38, ¶10, 183 P.3d 1032, 1034.
¶6 Employer contends Employee was discharged for misconduct because he was 
not insurable based on his own actions. In support, Employer quotes from 
portions of the OESC's Unemployment Insurance Precedent Manual summarizing 
unappealed administrative decisions by its hearing officers and Board of Review. 
The Manual does not contain promulgated administrative rules which would have 
the force and effect of law and would be entitled to our deference. Estes v. 
ConocoPhillips Co., 2008 OK 
21, ¶¶10-12, 184 P.3d 518, 
523.
¶7 We are guided by the Oklahoma Statutes and the case law applying them. 
Section 2-406 provides, in relevant part:

 
 A. An individual shall be disqualified for benefits if he or she has been 
 discharged for misconduct connected with his or her last work. If discharged 
 for misconduct, the employer shall have the burden to prove that the 
 employee engaged in misconduct as defined by this section.... Once this 
 burden is met, the burden then shifts to the discharged employee to prove 
 that the facts are inaccurate or that the facts as stated do not constitute 
 misconduct as defined by this section....
 B. Acts which constitute misconduct under this section shall be limited 
 to the following:
 1. Any intentional act or omission by an employee which constitutes a 
 material or substantial breach of the employee's job duties or 
 responsibilities or obligations pursuant to his or her employment or 
 contract of employment;
 ...
 3. Indifference to, breach of, or neglect of the duties required which 
 result in a material or substantial breach of the employee's job duties or 
 responsibilities;
 ...
 C. Any misconduct violation as defined in subsection B of this section 
 shall not require a prior warning from the employer. As long as the employee 
 knew, or should have reasonably known, that a rule or policy of the employer 
 was violated, the employee shall not be eligible for 
benefits.
¶8 The Court in Vester v. Bd. of Review of Oklahoma Employment Sec. 
Comm'n, 1985 OK 21, ¶12, 697 P.2d 533, 537, cited Boynton 
Cab Company v. Neubeck, 237 Wis. 249, 296 N.W. 636, 640 (1941), in adopting 
a definition of misconduct under this section:

 
 [C]onduct evincing such wilful or wanton disregard of an employer's 
 interests as is found in deliberate violations or disregard of standards of 
 behavior which the employer has the right to expect of his employee, or in 
 carelessness or negligence of such degree or recurrence as to manifest equal 
 culpability, wrongful intent or evil design, or to show an intentional and 
 substantial disregard of the employer's interests or of the employee's 
 duties and obligations to his employer. On the other hand mere inefficiency, 
 unsatisfactory conduct, failure in good performance as the result of 
 inability or incapacity, inadvertencies or ordinary negligence in isolated 
 instances, or good faith errors in judgment or discretion are not to be 
 deemed "misconduct" within the meaning of the 
statute.
The Court then ruled that frequent health-related absences, although 
justifying discharge, was not willful misconduct because the requisite state of 
mind, "wilful or wanton disregard of an employer's interests," was absent. 
Id. at ¶18.
¶9 In Kakkanatt v. Oklahoma Employment Sec. Comm'n, 2008 OK CIV APP 38, ¶¶12-14, 183 P.3d 1032, 1034, the Court 
examined the employee's state of mind at the time the disqualifying event 
occurred. Applying Vester, the Court looked for deliberate disregard of 
the employer's interests and the duties the employee owed the employer. 
Id. at ¶12. It held that a nurse's single instance of ordinary negligence 
was not disqualifying misconduct. Id. at ¶20.
¶10 In the present case, the sole disqualifying event was Employee's driving 
misconduct, which occurred pre-employment, at a time when Employee owed no duty 
to Employer. Therefore Employee could not have deliberately disregarded his 
duties to Employer at the time the disqualifying event occurred. Employer put on 
no evidence that Employee disregarded any duty to Employer while applying for 
employment or during their employer/employee relationship. We hold that 
pre-employment conduct, in the absence of any willful or wanton concealment or 
other disregard of Employee's duties and obligations to Employer, does not 
constitute "misconduct connected with his last work," within the meaning of 40 O.S. Supp. 2014 §2-406(A), so as 
to deprive Employee of entitlement to unemployment benefits.
¶11 The district court's order is AFFIRMED.

BUETTNER, J., and BELL, J., concur.





 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2008 OK CIV APP 38, 183 P.3d 1032, KAKKANATT v. OKLAHOMA EMPLOYMENT SECURITY COMMISSION
Discussed at Length
Oklahoma Supreme Court Cases
 Cite
Name
Level

 2008 OK 21, 184 P.3d 518, ESTES v. CONOCOPHILLIPS CO.
Discussed
 1985 OK 21, 697 P.2d 533, Vester v. Board of Review of Oklahoma Employment Sec. Com'n
Discussed
Title 40. Labor
 Cite
Name
Level

 40 O.S. 2-406, Discharge for Misconduct
Discussed
 40 O.S. 2-610, Judicial Review
Cited